SEAN REIS - SBN 184004
sreis@edelson.com
EDELSON MCGUIRE LLC
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
CHRISTOPHER L. DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
*pro hac vice application to be filed

Attorneys for Plaintiff and the putative class

E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

VERNA PARINO, on behalf of herself and all
others similarly situated,

        *Plaintiff*,

v.

BIDRACK INC., a Delaware corporation, and
JOHN DOE DEFENDANT,

        *Defendants*.

Case No.

CV 11 3149

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

    Plaintiff Verna Parino brings this class action complaint against Defendant BidRack

Inc. ("BidRack" or "Defendant") and John Doe Defendant based upon their practice of

CLASS ACTION COMPLAINT

1   deceptively marketing to and billing consumers for unauthorized charges relating to

2   BidRack's Internet-based "penny auction" website.  Plaintiff, for her Complaint, alleges as

3   follows upon personal knowledge as to herself and her own acts and experiences and, as to

4   all other matters, upon information and belief, including investigation conducted by her

5   attorneys.

**PARTIES**

7       1.     Plaintiff Verna Parino is a natural person and citizen of the State of California.

8       2.     Defendant BidRack Inc. is the owner and operator of an online "penny

9   auction" located at www.bidrack.com.  BidRack Inc. is a corporation incorporated and

10   existing under the laws of the State of Delaware, with its principal place of business located

11   in Vancouver, Canada.  BidRack does business throughout the United States, the State of

12   California, and this District.

13       3.     John Doe Defendant is an online advertising network that directly participates

14   in the acts and practices alleged herein.  John Doe Defendant, through the use of deceptive

15   and fraudulent sponsored links, online pages, and other advertisements, partners with

16   BidRack to drive consumers to the landing pages of BidRack.com, and profits from each

17   Bidrack.com registration conversion.  On information and belief, John Doe Defendant may

18   include, but is not limited to, Coleadium Inc. (Ads4Dough), CPA Staxx, Inc., Prominent

19   Leads, LLC, and/or EWA Network Inc.  Defendant BidRack is in possession of the identity

20   of John Doe Defendant.

**JURISDICTION AND VENUE**

22       4.     The Court has subject matter jurisdiction over this action pursuant to 28

23   U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state

24   different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of

25   interest and costs, and(c) none of the exceptions under that subsection apply to this action.

COMPLAINT

5.      Venue is proper in this District under 28 U.S.C. § 1391(a) as Plaintiff resides in this District and the injury arose here. Venue is additionally proper because Defendants transact significant business in this District, including soliciting consumer business, and entering into consumer transactions.

### FACTS COMMON TO ALL COUNTS

6.      In recent years, the Internet has seen a proliferation of "penny auction" sites like BidRack.com whereby consumers can purchase bids in the hopes of "winning" at auction a valuable item at a highly discounted price. Consumers reach these sites from sponsored links, fake news articles and blogs, and other types of paid advertisements. Initial representations often advertise that "bids" can cost as little as a few cents, and allegedly show the numerous items that are available to win at incredibly discounted prices.

7.      Once a consumer reaches the actual homepage of the auction site, they are further bombarded with advertisements and other representations urging them to register for "free."

8.      However, Defendants fail to conspicuously disclose, and in fact, actively disguise the actual cost of registration and membership. Namely, Defendants disclose that consumers who register on the site do not affirmatively choose or know that they are being charged for an initial "bid pack."

9.      Consumers are primarily routed to the BidRack.com homepage through a series of sponsored advertisements and fake news stories. Advertisements appearing in numerous places across the web include:

> Get a 3G Wi-fi Kindle for $21.93. Limit One Per Day. Grab Yours Now.
>
> BidRack.com Official Site
> Today Only: Online auction site to give away 1,000 Kindles for $21.93!
> www.bidrack.com/AmazonKindle
>
> Chicago: Online auction website is selling over

COMPLAINT

3

1,000 new apple iPads for $24.19 each!

Overstock Kindle: $21.93
Get a 3G Wi-Fi Kindle for $21.93. Limit One Per Day. Grab Yours
Now.
www.bidrack.com/AmazonKindle

BidRack- 98% Off Retail. iPads-$25.71 & LED TVs- $69.38.

BidRack Ranked #1 in US
Fewer Bidders. Better Deals.
iPads for $29.21 & LED TVs for $47.
www.bidrack.com

SHOCKING: 52 Samsung HDTV for $74.07
TODAY ONLY: Auction site to give away 1,000 52 Samsung
HDTVs for $74.07!
Channel4.com/Shocking-Deals

Overstock Kindle: $21.93  Special Offer for Returning Users. Get
a 3G Wi-fi Kindle for $21.93.
www.BidRack.com/AmazonKindle

10.     These advertisements overtly misrepresent the services and products offered by BidRack.

11.     Likewise, Defendants' advertisements represent that products are available for a fixed price, while in reality, the prices wildly fluctuate from auction to auction.

12.     Fake news articles include "Channel 9 News," which reports on the "massive money savings trick" for surplus auctions in a "special report," and similarly, "Channel 7 Reports" exposes "How Smart Shoppers are Getting 98% Discounts on Brand New Merchandise." Other pages contain supposed "consumer reviews," with pictures of alleged BidRack members who relate their positive experiences with the site, such as:

"Hi, my name is Samantha and I won a pocketbook from BidRack...I really enjoy your products"

"My name is Lauren...and I won these shoes from BidRack for only 9 cents!"

"Hi! My name is Robin and I'm from Iowa and I won this beautiful ring on BidRack for only 8 cents...THANKS!"

"thank-you BidRack! I received my iPad yesterday in the mail and I
was very stoked about it. Thank-you so much for your amazing deals
and I can't wait to start doing more business with you!"

13.     These reviews are not from actual BidRack customers, but are complete
fabrications designed to induce consumers to proffer payment to BidRack.

14.     In another example, the "WallStreet Lifestyle Journal" claimed to promote a
story written by its "Consumer Trend Investigator," who determined "[a]fter hours and hours
of research I came to the conclusion that BidRack was best because of its wide variety of
products and BBB rating."

15.     Unbeknownst to the consumer, these "news" pages and "special reports,"
orchestrated in concert with John Doe Defendant, are nothing more than sponsored
advertisements containing fraudulent misrepresentations.  The supposed satisfied customers
displayed on these pages are unsuspecting individuals who have had their pictures
misappropriated without their knowledge or consent, and their success stories mere
inventions by Defendants aiming to deceive consumers.[1]  Many of these fake "news reports"
use the exact same pictures of overloaded warehouses and "satisfied" customers.

16.     Consumers are also driven to Defendant's website by fraudulent postings on
Craigslist.org, a popular online classifieds website.  In conjunction with John Doe
Defendants, phony craigslist sellers create postings that advertise popular items for incredibly
low prices, and then respond to consumers who are interested in these postings with e-mails
stating that the item has already been sold but that the inquiring consumer should check out
Bidrack.com where the seller "picked up 2 brand new ones for under $70."

17.     All of these fraudulent advertisements exist solely for one purpose—to drive
unsuspecting consumers to Defendant BidRack.com's auction website, and specifically make
them believe that they can register for free and buy items for little more than pennies.

---

[1] BidRack.com's practice of using fabricated consumer testimonials is further described at:
http://www.pennyauctionwatch.com/2011/02/bidrack-com-penny-auction-testimonials/

COMPLAINT

5

18.     Upon reaching Defendant's website, consumers are bombarded with representations showing the latest unbelievable products that members have "won" at auction, such as iPhones, purses, and laptops, as well as "live" auctions that are currently taking place.  Live auctions are displayed with timers that count down the seconds until the auction is over, pressuring consumers to act quickly to get the good deal.  However, disguised below in small gray font is a statement that "auctions shown above are a simulation of how real auctions may appear."  Therefore, these auctions are not real but rather a ploy to rush consumers to fill out the registration and credit card page.

19.     The BidRack homepage also heavily emphasizes that registration is "completely FREE!"  The word "free" is repeated numerous times across the website in tandem with the call to register.

20.     The trademarks of several reputable news organizations, such as the New York Times, BBC, Wired Magazine, and CBS are displayed at the bottom of the page in an effort to further legitimize the site. The logos are accompanied by quotes from the New York Times ("the auctions are fun and challenging while offering the potential of a killer deal") and BBC ("successful bidders can win anything from a television to a car, or cash sum, for a fraction of its real cost") that have never actually been written about BidRack.com and BidRack does not have permission or license to utilize the trademarks to promote its products.

21.     Additionally, BidRack.com's homepage includes a highly edited selection of news clips talking about purchasing discount consumer items through auctions; in order to make consumers believe that these very short clips are about BidRack, the video appears under the heading: "Bidrack changes the way you shop."  In contrast to Defendant's representations, all the statements made in the video are unrelated to BidRack.com.

22.     BidRack.com additionally represents "Our prices are so good because we buy many of our products from overstock surpluses and warehouse closeouts."  This statement is

COMPLAINT

6

false because BidRack in no way gets its products in this manner.  On information and belief, BidRack is not even in possession of many of the items it sells at the time the products are auctioned.  Likewise, according to hundreds of consumer complaints, Defendant BidRack is statistically less likely to ever ship expensive items such as TVs or iPads than cheaper items like a giftcard.[2]

23.    BidRack guarantees "BidRack Prizes Are Always Shipped Within 72 Hours." This statement is also false in that BidRack regularly fails to ship items within 72 hours, and regularly fails to ship any item at all.

24.    Consumers who have been enticed to complete the "free" registration are then immediately directed to another BidRack landing page that states "STEP 2 OF 2: Congratulations, final step! Scroll down to finish registering." After scrolling down the page, past a cluttered assortment of boxes, graphs, arrows, bright colors, charts, logos, and numbers, consumers are directed to enter their shipping address and credit card information into a box to pay for items, shipping, or bids when they choose to buy them.  After entering their information, consumers are instructed to click on a button labeled "START WINNING."

25.    At no point in time are consumers directed to accept or read any Terms and Conditions, or to check any box to indicate acceptance of any purchase or charge. Consumers reasonably believe that they have not completed the purchase of any bid pack at all, but only provided a credit card for the purpose of registration.

26.    In fact, it is only after consumers notice the $60 to $99 charge on their credit or bankcard billing statement that most realize they have been charged at all.

---

[2] *See* the following consumer comments and complaints against BidRack at:

http://www.pennyauctionwatch.com/2011/02/bidrack-com-penny-auction-testimonials/
http://www.facebook.com/pages/No-More-Nomorerack-Bidrack/211851815491679?sk=wall

COMPLAINT

27.     Defendant BidRack.com knowingly and purposefully designed its website to mislead and deceive consumers in this exact manner.  In fact, in less than two months of operation, the Delaware Better Business ("BBB") has already received more than 220 complaints from consumers regarding BidRack.com's hidden charges, leading the BBB to issue a press release warning consumers against using the site.

28.     The BBB press release states that "[c]onsumers have reported to us that when they sign up for the BidRack service, they are under the understanding that it is "Free". However, upon registration, their credit card is then charged a fee, often around $99."[3]

29.     Defendant BidRack.com and John Doe Defendant purposefully designed marketing materials that drive consumers to BidRack.com and the BidRack.com website to confuse and mislead consumers into inadvertently submitting their payment information. Defendants also utilize fraudulent and misleading advertisements and endorsements to deceive consumers into believing that BidRack.com is a legitimate site that has been featured on reputable news sources.

30.     On information and belief, BidRack participates and bids in its own auctions, a practice known as shill bidding, thereby inflating the number of bids required to win the auction.  This results in consumers overpaying for items won through auctions.  Defendant utilizes computer programs commonly known as "bots" that appear to be real consumers to bid in auctions and drive up the winning price, or, so that the "bot" will win the auction outright after extensive bidding by consumers, thereby eliminating the necessity to ship a product to a consumer but still profit from bids.  Consumers report a complete and total inability to win auctions on high priced auctions such as computers and iPads, while they experience little if any problem winning auctions to buy bid packs.  Likewise, consumers report seeing the same usernames repeatedly and regularly winning high priced auctions.

## FACTS RELATING TO PLAINTIFF VERNA PARINO

---

[3] http://delaware.bbb.org/article/bbb-of-delaware-warns-of-penny-auction-bidrack-27800

COMPLAINT

8

31.     In or around May 20, 2011, Plaintiff Verna Parino arrived at BidRack.com after clicking on and being directed through a paid advertisement.

32.     Upon reaching BidRack.com, Plaintiff viewed and relied on the video of news programs and reasonably believed it was clips of news stories about BidRack.com.  Plaintiff relied on this video in believing BidRack.com was safe to register with for free.

33.     Plaintiff additionally viewed and relied on the alleged endorsements of BidRack.com that appeared next to logos for organizations such as the New York Times and BBC.  Plaintiff relied on these endorsements in believing BidRack.com was safe to register with for free.

34.     Due to numerous representations on the site, Plaintiff was led to believe that she would be able to access the site after registering an account for "free."  However, unbeknownst to Plaintiff, access to Defendant's site was not free, and she was charged $99 immediately after entering her billing information.  Plaintiff did not see any disclosures that she would be charged upon entering her credit card information. She took no affirmative action and had no intent to purchase a bid pack during the registration process.

35.     Immediately after noticing that her account had been charged $99, Plaintiff contacted BidRack.com customer service to dispute the charge and request a refund of the unauthorized charge.  BidRack.com refused to issue Plaintiff a refund.

36.     Plaintiff also contacted her credit card company to dispute the unauthorized charges, but the company was unable to issue her a refund.

37.     Plaintiff has yet to receive a refund of any of the monies wrongfully obtained by Defendant BidRack.com.

## CLASS ALLEGATIONS

38.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a Class and two SubClasses defined as follows:

> **BidRack Class:** All United States residents who were charged for a bid pack during the BidRack.com registration process by Defendant BidRack, Inc.

COMPLAINT

**BidRack California SubClass:** All California residents who were charged for a bid pack during the BidRack.com registration process by Defendant BidRack, Inc.

**John Doe Defendant SubClass:** All United States residents who were directed to a BidRack.com landing page by John Doe Defendant's and were charged for a bid pack during the BidRack.com registration process by Defendant BidRack, Inc.

The following persons are excluded from the Class and SubClasses: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the class; and 4) the legal representatives, successors or assigns of any such excluded persons.

39.     Hereinafter, the above-described Class and SubClasses may be referred to collectively as the "Classes."

40.     **Numerosity:** The exact number of the members of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendants have deceived tens of thousands of consumers who fall into the definitions set forth above. Members of the Class and SubClasses can be identified through Defendants' records.

41.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes, as Plaintiff and other members sustained damages arising out of the wrongful conduct of Defendants, based upon the same transactions which were made uniformly with Plaintiff and the public.

42.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest antagonistic to those of the Class and SubClasses, and Defendants have no defenses unique to Plaintiff.

COMPLAINT

43.   **Predominance and Superiority:**  Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable.  The damages suffered by the individual members of the Class and SubClasses will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions.  It would be virtually impossible for the members of the Class and SubClasses to obtain effective relief from Defendants' misconduct on an individual basis.  Even if members of the Class and SubClasses themselves could sustain such individual litigation, it would not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

44.   **Commonality:**  There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.  Common questions for the Classes include, but are not limited to the following:

      (a)   Whether Defendants' conduct alleged herein constitutes violations of Cal. Bus. & Prof. Code §§ 17500 *et seq.*;

      (b)   Whether Defendants' conduct alleged herein constitutes violations of Cal. Civ. Code §§ 1750, *et seq.*;

      (c)   Whether Defendants' conduct alleged herein constitutes violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

      (d)   Whether Defendants' conduct alleged herein constitutes fraud in the inducement;

      (e)   Whether Defendants' conduct alleged herein constitutes conspiracy to commit fraud in the inducement;

COMPLAINT

(f)   Whether Defendants' conduct alleged herein constitutes breach of contract; and

(g)   Whether Defendants' conduct alleged herein constitutes unjust enrichment.

## COUNT I
### Violation of California's False Advertising Law
### Cal. Bus. & Prof. Code §§ 17500, *et seq.*
### (On Behalf of Plaintiff and the Classes)

45.   Plaintiff incorporates by reference the foregoing allegations.

46.   It is unlawful for a corporation to knowingly make, by means of any advertising device or otherwise, any untrue or misleading statement with the intent to sell a product or service, or to induce the public to purchase a product or service.  Any statement in advertising that is likely to deceive members of the public constitutes false and misleading advertising under Cal. Bus. & Prof. Code §§ 17500, *et seq.*

47.   As alleged herein, both Defendants have disseminated, and continue to disseminate, advertising that they know or should reasonably know is false and misleading. This conduct includes, but it is not limited to, promoting and advertising online auctions for products without disclosing the actual price to participate, a material term of the transaction. Defendants actively misrepresent and conceal the actual price(s) consumers are charged when they submit their credit card information.

48.   Defendants also falsely represent their affiliation with various news outlets, such as the New York Times, CBS, and BBC, and provide fraudulent "quotations" from news articles that supposedly have appeared on such outlets.  These false representations act to enhance the apparent legitimacy of the site, thereby inducing consumers to purchase products or services from Defendant BidRack.

49.   Defendants also falsely advertise through the use of fake "consumer reviews" from users of the BidRack.com website.  Although these "reviews" are represented as coming from real-life users of the site, they are actually created by Defendants as part of their

COMPLAINT

12

1  marketing and advertising scheme.  These untrue statements induce consumers into

2  purchasing products or services from Defendant BidRack by falsely suggesting that

3  consumers will have an experience similar to the satisfied "consumers" who provide such

4  "reviews."

5       50.     By committing the acts alleged in this Complaint, Defendants have knowingly

6  disseminated untrue and/or misleading statements through online advertising in order to sell

7  products and services on BidRack's online auctions, in violation of the proscriptions of Cal.

8  Bus. & Prof. Code § 17500.

9       51.     Plaintiff and members of the Classes were all charged monies beyond what

10  they authorized.  Accordingly, Plaintiff and members of the Classes have suffered injury in

11  fact and lost money as a result of Defendants' acts of false advertising.

12       52.     Plaintiff seeks an order requiring Defendants to (1) immediately cease the

13  unlawful practices stated in this Complaint; (2) make full restitution of all funds wrongfully

14  obtained; and (3) pay interest, attorneys' fees, and costs pursuant to Cal. Code Civ. Proc. §

15  1021.5.

## COUNT II
### Violation of the Consumers Legal Remedies Act
### Cal. Civ. Code §§ 1750, *et seq.*
### (On Behalf of Plaintiff and the Classes)

18       53.     Plaintiff incorporates by reference the foregoing allegations.

19       54.     The Consumers Legal Remedies Act prohibits the act, use or employment by

20  any person of any deception, fraud, false pretense, false promise, misrepresentation,

21  concealment, suppression or omission of any material fact with intent that others rely upon

22  such act in connection with the sale or advertisement of any merchandise whether or not any

23  person has in fact been misled, deceived or damaged thereby.

24       55.     As alleged herein, Defendants have engaged in deceptive practices, unlawful

25  methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750, *et seq.*, to

26  the detriment of Plaintiff and the Classes.

COMPLAINT

56.     Defendants utilize false and deceptive advertising that both conceals the actual price of the product and widely and willfully misrepresents testimonial support for the product offered.

57.     Defendant BidRack's offers contain unconscionable terms in that they are unfair and inequitable and the material terms of the offers are hidden and actively misrepresented by Defendants.

58.     Defendants, acting with knowledge, intentionally and unlawfully brought harm upon Plaintiff and the Classes by deceptively inducing Plaintiff and the members of the Classes to purchase a product by using deceptive and misleading advertisements that fail to clearly and conspicuously disclose the price of the goods and services and by thereafter placing unauthorized charges on their credit and bank card accounts.  Specifically, Defendants violated Cal. Civ. Code § 1750 in at least the following respects:

   (a) In violation of § 1770(a)(2) by using false testimonials to misrepresent the source, sponsorship, approval, or certification of Defendant BidRack's goods or services;

   (b) In violation of § 1770(a)(3) by misrepresenting the affiliation, connection, or association with, or certification by, third party news organizations and others in relation to Defendant BidRack's products;

   (c) In violation of § 1770(a)(9) by advertising Defendant BidRack's goods or services with the intent not to sell them as advertised;

59.     Plaintiff and the Classes relied upon Defendants' false and deceptive advertising described herein, including Defendants' fake blogs and testimonials, all of which conceal the actual price associated with use of the BidRack auction website.

60.     As a result of Defendants' misrepresentations, Plaintiff and the Classes reasonably understood that they would not be charged any amount other than what was necessary to pay for the products they won at auction.  Based upon that understanding,

COMPLAINT

1  Plaintiff and the Classes submitted their confidential contact and payment information to

2  BidRack.

3      61.     Shortly thereafter, Defendant BidRack charged Plaintiff and members of the

4  Classes unauthorized and undisclosed fees for initial "bid packs."

5      62.     The injuries of which Plaintiff and members of the Classes complain are a

6  direct and proximate result of Defendants' violations of law and wrongful conduct described

7  herein.

8      63.     Under Cal. Civ. Code § 1780(a) and (b), Plaintiff and the Classes seek

9  injunctive relief requiring Defendants to cease and desist the illegal conduct alleged in this

10  Complaint, and any other appropriate remedy for violations of the CLRA. For the sake of

11  clarity, Plaintiff explicitly disclaims any claim for damages under the CLRA at this time.

12  

**COUNT III**
**Violation of California's Unfair Competition Law**
**Cal. Bus. & Prof. §§ 17200, et seq.**
**(On Behalf of Plaintiff and the Classes)**

13

14

15      64.     Plaintiff incorporates by reference the foregoing allegations.

16      65.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§

17  17200, et seq., protects both consumers and competitors by promoting fair competition in

18  commercial markets for goods and services.

19      66.     The UCL prohibits any unlawful, unfair or fraudulent business act or practice.

20  A business practice need only meet one of the three criteria to be considered unfair

21  competition. An unlawful business practice is anything that can properly be called a business

22  practice and that at the same time is forbidden by law. A fraudulent business practice is one

23  in which members of the public are likely to be deceived.

24      67.     As alleged herein, Defendants' continued utilization of unlawful and

25  unconscionable marketing practices, as well as Defendant BidRack's continuing practices of

26  charging consumers credit and bank cards without authorization and "shill bidding" in its

27

28

COMPLAINT

1  own auctions in order to inflate the winning price, constitute unlawful and unfair business

2  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

3      68.    In deceiving Plaintiff and the Classes by creating and supporting advertising

4  that fails to clearly and conspicuously disclose the actual price of Defendant BidRack's

5  services and products, and inducing Plaintiff and members of the Classes to proffer payment

6  information based on that misrepresentation, Defendants have engaged in deceptive trade

7  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

8      69.    The price of a consumer product is a material term of any transaction because

9  it is likely to affect a consumer's choice of, or conduct regarding, whether to purchase a

10  product. Any deception related to the price of a consumer product is materially misleading.

11      70.    Defendants' misrepresentation of the price of Defendant BidRack's products

12  is likely to mislead a reasonable consumer who is acting reasonably under the circumstances.

13      71.    Defendants have violated the "unfair" prong of the UCL in that their actions

14  caused substantial injury to consumers by causing their credit cards to be charged without

15  their consent after inducing them to submit their information through deceptive marketing.

16  The injury caused by Defendants' conduct is not outweighed by any countervailing benefits

17  to consumers or competition, and the injury is one that consumers themselves could not

18  reasonably have avoided.

19      72.    Defendants have also violated the "fraudulent" prong of the UCL in that their

20  statements, advertisements, and representations regarding what consumers would be charged

21  for Defendant BidRack's products are false and likely to deceive a reasonable consumer.

22  Further Defendants' acts constitute fraud in the inducement and conspiracy to commit fraud

23  in the inducement as detailed in Counts IV and V.

24      73.    Defendants have violated the "unlawful" prong of the UCL in that

25  Defendants' conduct violated the Consumer Legal Remedies Act (Cal. Bus. & Prof. Code §§

26  1750, *et seq.*) and the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*).

27

28

COMPLAINT

74.     Plaintiff and the Classes have suffered harm as a proximate result of Defendants' violations of law and wrongful conduct in the form of monies lost.

75.     Pursuant to Cal. Bus. & Prof. Code §§ 17203, Plaintiff seeks an order permanently enjoining Defendants from continuing to engage in unfair and unlawful conduct. Plaintiff seeks an order requiring Defendants to (1) immediately cease the unlawful practices alleged in this Complaint; (2) make full restitution of all funds wrongfully obtained; and (3) pay interest, attorneys' fees, and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

**COUNT IV**
**Fraud in the Inducement**
**(On Behalf of Plaintiff and the Classes)**

76.     Plaintiff incorporates by reference the foregoing allegations.

77.     As described with particularity herein, Defendants have disseminated, and continue to disseminate advertising that they know or should reasonably know is false and misleading.  This conduct includes, but it is not limited to, promoting and advertising their products without disclosing the actual price, a material term of any transaction.  Defendants actively misrepresent and obscure the actual price(s) consumers are charged when they submit their credit and debit card information.

78.     Through a series of advertisements, representations, omissions, and false statements regarding the BidRack auction platform, Defendants acted in concert to obscure the actual price a consumer is charged to participate.

79.     Defendant BidRack, in conjunction with John Doe Defendant and other ad networks, took concrete and intentional steps to misrepresent the actual price ultimately placed on the credit and debit cards of Class members.

80.     Defendants intentionally made all representations of the actual price difficult to locate and/or read, by omitting the actual price charged consumers from its marketing materials.

COMPLAINT

17

81.     Defendant BidRack and John Doe Defendant actively took part in optimizing the online bidding transaction pages so as to increase the rate of conversions (sales), and have full knowledge and visibility of the website content and each transaction, including knowledge of the concealed prices.

82.     In furtherance of Defendants' fraudulent conduct, Defendant BidRack sends screenshots of their transaction pages to consumers and third parties such as the Better Business Bureau, and credit card companies, which misrepresent the appearance of those pages at the time consumers visited them.

83.     BidRack's intentional provision to consumers and third parties such as the Better Business Bureau, and credit card companies of a page it created that materially differs from the page consumers actually viewed and acted upon is a fraudulent act or practice designed to deceive and defraud consumers that correctly state that BidRack did not clearly and conspicuously disclose the membership charge it crammed onto consumers' credit and bank statements when they registered for the auction site.

84.     By committing the acts alleged in this Complaint, Defendants have knowingly disseminated untrue and/or misleading statements through fraudulent advertising in order to sell or induce members of the public to purchase "bid packs" on BidRack's online auction site.

85.     The price of a consumer product is a material term of any transaction because it directly affects a consumer's choice of, or conduct regarding, whether to purchase a product.  Any deception or fraud related to the price of a consumer product is materially misleading.

86.     The misrepresentation or omission of the price of a product is likely to mislead a reasonable consumer who is acting reasonably under the circumstances.

87.     Defendants knew or should have known of the falsity of the representations made regarding the online auctions they marketed.

COMPLAINT

18

88.     Defendants intended that the deceptive and fraudulent misrepresentations and omissions would induce a consumer to rely and act based on those false representations and omissions.

89.     Plaintiff and members of the Class and members of the Classes were all charged monies beyond what they authorized.  Accordingly, Plaintiff and members of the Classes have suffered injury in fact and lost money in justifiable reliance on Defendants' misrepresentations and omissions of material fact.

90.     In deceiving Plaintiff and the Classes by creating and supporting advertising that fails to clearly and conspicuously disclose the actual price of its products, and inducing Plaintiff and the Classes to proffer payment information based on that misrepresentation, Defendants have engaged in fraudulent practices designed to mislead and deceive consumers.

91.     Plaintiff and the Classes have suffered harm as a proximate result of Defendants' violations of law and wrongful conduct.

92.     In deceiving Plaintiff and members of the Classes by creating and supporting advertising that fails to clearly and conspicuously disclose the actual price of its products, and inducing Plaintiff and the Classes to proffer payment information based on that misrepresentation, Defendants have engaged in fraudulent practices designed to mislead and deceive consumers.

93.     Plaintiff and members of the Classes have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants in the form of monies lost.

94.     Plaintiff, on behalf of herself and the Classes, seeks damages for Defendants' unlawful conduct.

### COUNT V
### Conspiracy to Commit Fraud in the Inducement
### (On Behalf of Plaintiff and the Classes)

95.     Plaintiff incorporates by reference the foregoing allegations.

96.     Defendants acted in concert as business partners and through a common enterprise to drive sales of online auction products, and cram consumers' credit and debit

COMPLAINT

1   card statements with unauthorized charges through fraudulent and deceptive marketing, as

2   stated in Count IV of this Complaint.  Defendants further conspired to deceive consumers

3   regarding their ability to win and receive products through BidRack auctions.

4       97.     As a fundamental part of their business relationship, Defendants acted to

5   deceive consumers regarding the actual price of the online auction products, thereby inducing

6   consumers to submit their credit and debit card information, on which the Defendant

7   BidRack crammed unauthorized charges.

8       98.     Defendants took overt acts in furtherance of their conspiracy across the nation,

9   and specifically took overt acts in furtherance within this District.  As alleged with

10  particularity herein, Defendants formed contracts with each other, created deceptive

11  marketing, advertisements, websites, and other solicitation materials to drive consumers to

12  online auction transaction pages with knowledge that the marketing contained therein was

13  false and misleading, and with the intent that the marketing taken as a whole would be relied

14  on by consumers.  Defendants, working together, and working with non-defendant affiliate

15  marketers and publishers, formed a mutually beneficial network of deceptive and misleading

16  marketing designed to induce consumers to submit a credit or bank card number for the

17  purchase of an online auction "membership."

18      99.     Any single Defendant, acting alone, would be unable to accomplish the level

19  of deception and misrepresentations accomplished by Defendants acting together. The

20  combination of their joint deception reinforces the appearance of legitimacy presented to

21  consumers, thereby increasing the likelihood of a consumer submitting their credit or bank

22  card number.

23      100.    Plaintiff and the Classes have suffered harm in the form of monetary damages

24  as a proximate result of the conspiracy and violations of law carried out by Defendants.

25      101.    Plaintiff, on behalf of herself and the Classes, seeks damages for Defendants'

26  unlawful conduct.

27

28

COMPLAINT

## COUNT VI
### Breach of Contract
### (On Behalf of Plaintiff and the BidRack Class)

102.    Plaintiff incorporates by reference the foregoing allegations.

103.    In reliance upon Defendants' misrepresentations and deceptive advertising, Plaintiff entered into a contract to register an account for free with Defendant BidRack by giving her personal contact information and a credit card to be used for future purchases. A material inducement and term of the contract was Defendant's representation that the registration process was free.

104.    Because of the deceptive misrepresentations stated in this Complaint, Plaintiff and the Class entered their credit card information with the understanding that they would only be charged at a future time when they chose to purchase bids from BidRack.

105.    By cramming additional charges onto the debit and credit cards of Plaintiff and members of the Class, Defendant BidRack breached the contract to register an account for free. Plaintiff and members of the Class did not assent to any charges during the registration process, and did not reasonably expect that the registration contract would incur a fee.

106.    At all times relevant to this action, Defendant BidRack acted willfully and with intent to breach the contracts entered into with Plaintiff and the Class.

107.    Plaintiff and the Class have suffered damages as a direct result of BidRack's acts and practices in the form of monies paid and lost.

108.    Plaintiff, on her own behalf, and on behalf of the Class, seeks damages for Defendant BidRack's breach of contract, as well as interest and attorneys' fees and costs.

## COUNT VII
### Restitution/Unjust Enrichment
### (in the alternative to breach of contract)
### (On Behalf of Plaintiff and the Classes)

109.    Plaintiff incorporates by reference the foregoing allegations, excluding paragraphs 102-108.

COMPLAINT

110.     Plaintiff and members of the Classes conferred a monetary benefit on Defendants.  Defendants have received and retained money belonging to Plaintiff and the Classes as a result of the substantial and unauthorized charges Defendant BidRack placed on their credit and debit card bills.  Defendants profited from each initial "bid pack" purchase made by a consumer after being directed to the BidRack transaction pages.

111.     Defendants appreciate or have knowledge of such benefit.

112.     Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and members of the Classes, which Defendants have unjustly received as a result of their unlawful actions.

113.     Plaintiff and other members of the Class suffered damages as a direct result of Defendants' conduct.

114.     Plaintiff, on behalf of herself and the Classes, seek restitution for Defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Verna Parino, individually and on behalf of the Classes, requests that the Court enter an Order providing for the following relief:

A.     Certify this case as a class action on behalf of the Classes defined above, appoint Plaintiff as class representative, and appoint her counsel as class counsel;

B.     Declare that Defendants' actions, as set out above, violate Cal. Bus. & Prof. Code §§ 17500 *et seq.*, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, Cal. Civ. Code §§ 1750 *et seq.*, and constitute fraud in the inducement, conspiracy to commit fraud in the inducement, breach of contract, and unjust enrichment;

C.     Award all economic, monetary, actual, consequential, statutory and compensatory damages caused by Defendants' conduct, and if their conduct is proven to be willful, award Plaintiff and the Classes exemplary damages;

COMPLAINT

|   |    |                                                                                                                              |
|---|----|------------------------------------------------------------------------------------------------------------------------------|
| 1 | D. | Award restitution against Defendants for all money to which Plaintiff and the Classes are entitled in equity;                |
| 2 |    |                                                                                                                              |
| 3 | E. | Award Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;                                   |
| 4 |    |                                                                                                                              |
| 5 | F. | Award Plaintiff and the Classes pre- and post-judgment interest, to the extent allowable;                                   |
| 6 |    |                                                                                                                              |
| 7 | G. | Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and       |
| 8 |    |                                                                                                                              |
| 9 | H. | Award such other and further relief as equity and justice may require.                                                       |

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: June 24, 2011

VERNA PARINO, individually and on behalf of all others similarly situated,

By: _____

SEAN REIS - SBN 184004
sreis@edelson.com
EDELSON MCGUIRE LLC
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
CHRISTOPHER L. DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*pro hac vice application to be filed

COMPLAINT