United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA PARINO, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BIDRACK, INC., a Delaware corporation, and JOHN DOE DEFENDANT,<br><br>　　　　Defendants. | No. CV 11-3149 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this purported class action for fraudulent and deceptive advertising, defendant BidRack, Inc. moves to dismiss the action pursuant to FRCP 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The operative complaint alleges the following facts. Defendant BidRack, Inc., owns and operates www.bidrack.com, an online "penny auction" site where bidders purchase and place bids in hopes of winning auctions for valuable items at discounted prices. Users reach BidRack's website primarily via "a series of sponsored advertisements and fake news stories," which "overtly misrepresent the services and products offered by BidRack." The homepage of the website "heavily emphasizes that registration is 'completely FREE!'" and "free" is frequently repeated on the site. The site also contains fake news stories, endorsements, and consumer testimonials (First Amd. Compl. ¶¶ 2, 9–10, 12, 19).

During the "free" registration process, customers are directed to a page with "a cluttered assortment of boxes, graphs, arrows, bright colors, charts, logos, and numbers" and are directed to enter shipping and credit card information "to pay for items, shipping, or bids when they choose to buy them." BidRack does not require the website user to read terms and conditions or check a box to indicate acceptance of a credit card charge or purchase; the customer simply clicks a button labeled "START WINNING" to complete registration (*id.* at ¶¶ 24–25).

On or about May 20, 2011, plaintiff Verna Parino was directed to the BidRack website after clicking on a paid advertisement and incurred an unwanted charge to buy a "bid pack." Once she arrived at the website, she "viewed and relied on" videos of purported news programs, believing that they were clips of news stories about BidRack, and "alleged endorsements of BidRack.com that appeared next to logos for organizations such as the New York Times and BBC." Plaintiff relied on these endorsements and believed BidRack was "safe to register with for free." Plaintiff was led to believe registration would be free, and she did not see any statements on the website that her credit card would be charged (*id.* at ¶¶ 31–34).

Plaintiff took no "affirmative action and had no intent to purchase a bid pack during the registration process." Despite her belief that registration with the website was free, plaintiff was charged $99 for a "bid pack" after entering her billing information. Upon realizing she had been charged by BidRack, she contacted the customer service department to "dispute the charge and request a refund," but BidRack refused. Plaintiff also contacted her credit card company to request a refund, to no avail. She has yet to receive a refund of the unauthorized charge (*id.* at ¶¶ 34–37).

Plaintiff commenced this purported class action in June 2011 against BidRack and a John Doe defendant alleged to be a partner of BidRack. She brings the following claims for relief: (1) violation of California's False Advertising Law — Business and Professions Code Sections 17500, *et seq.*; (2) violation of the Consumers Legal Remedies Act — California Civil Code Sections 1750, *et seq.*; (3) violation of California's Unfair Competition Law — California

2

1  Business and Professions Code Sections 17200, *et seq.*; (4) fraud in the inducement;
2  (5) conspiracy to commit fraud in the inducement; (6) breach of contract; and
3  (7) restitution/unjust enrichment.
4      Defendant BidRack moves to dismiss the seven claims for relief pursuant to
5  Rule 12(b)(6), or in the alternative, to dismiss the class allegations in the complaint. John
6  Doe has not been identified and is not a moving party. This order follows full briefing.

## ANALYSIS

### 1. STANDARD OF REVIEW.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949–50.[1] "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

---

[1] Unless indicated otherwise, internal citations are omitted from all quoted authorities.

United States District Court
For the Northern District of California

### 2. PLAINTIFF'S CLAIMS FOR RELIEF.

Defendant BidRack argues that plaintiff's claims should be dismissed for failure to state a claim because they fail to meet heightened pleading standards. Rule 9(b) requires claims grounded in fraud to be pled with specificity. This heightened standard applies to some, but not all, of plaintiff's claims. Her other claims will be evaluated under the Rule 8 pleading standard. BidRack argues that plaintiff has not stated sufficient facts in her claims for relief that apply to her personally instead of the class generally. Not so.

#### A. First and Third Claims: Violation of California's False Advertising Law and California's Unfair Competition Law.

Plaintiff alleges she was the victim of false advertising, and she has pled sufficient facts to state a plausible claim under California's False Advertising Law. The False Advertising Law states: "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement concerning the property "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." BUS. & PROF. CODE § 17500. It is also unlawful to disseminate statements concerning that property or those services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Ibid.* Plaintiff's claims are governed by the "reasonable consumer" test. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). Plaintiff needs to show that "members of the public are likely to be deceived." *Ibid.*

Plaintiff alleges that defendants made several false and misleading statements, including stating that registration for its website was free, using consumer reviews created by defendants purporting to be satisfied customers, and claiming that BidRack was affiliated with respectable news outlets such as the *New York Times*. Consumers allegedly were "enticed" to complete the "free" registration by defendants' false advertising, which legitimized the website. Defendants knew these statements to be false because defendants allegedly were the ones that fabricated them. Plaintiff relied on these statements in registering with the website and incurring allegedly

4

unauthorized charges (First Amd. Compl. ¶¶ 20, 24, 31–34 ). Thus, plaintiff has pled enough to make it plausible that defendants violated the False Advertising Law.

Moreover, any such violation of the False Advertising Law necessarily violates California's Unfair Competition Law. *See Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Section 17200 defines "unfair competition" to include "unlawful, unfair, or fraudulent business practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Thus, plaintiff has also pled sufficient facts to state a claim under the UCL. To the extent her allegations regarding BidRack's misrepresentation of the registration price sound in fraud, plaintiff has alleged enough to show the who (BidRack), what ("free"), where (BidRack.com), when (May 20, 2011), and how ("free" repeated numerous times in tandem with the call to register) of the misconduct alleged (First Amd. Compl. ¶¶ 19, 31–34). Accordingly, plaintiff has properly pled her claims for violation of the False Advertising Law and UCL. BidRack's motion to dismiss those claims is **DENIED**.

### B. Second Claim: Violation of the Consumers Legal Remedies Act.

California's Consumer Legal Remedies Act prohibits "unfair methods of competition and unfair or deceptive acts or practices" that are "intended to result or which results in the sale or lease of goods or services to any consumer." CAL. CIV. CODE § 1770(a). In particular, the relevant portions of the CLRA bar:

> (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.
>
> (3) Misrepresenting the affiliation, connection, or association with, or certification by, another.
>
> \*   \*   \*
>
> (9) Advertising goods or services with intent not to sell them as advertised.

*Id.* at § 1770(a)(2, 3, 9).

Plaintiff alleges that defendants violated the CLRA by using false and deceptive advertising, misrepresenting the cost of registering with BidRack, and using false news stories and endorsements leading her to believe the site was safe to register with for free. She relied on

5

1  those allegedly false statements and registered with the website. Plaintiff then was charged an
2  unauthorized and undisclosed fee for an initial "bid pack" (First Amd. Compl. ¶¶ 56–58, 59–61).
3  Plaintiff sufficiently pled that she encountered numerous misrepresentations on BidRack's
4  website, relied on said misrepresentations to register, and incurred $99 in unauthorized charges.
5  Thus, she has sufficiently pled a claim for violation of the CLRA. Bidrack's motion to dismiss
6  that claim is **DENIED**.

### C. Fourth Claim: Fraud in the Inducement.

Plaintiff's alleges fraud in the inducement in her fourth claim. The elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Fraud in the inducement is a subset of fraud. It "occurs when the promisor knows what he is signing but his consent is induced by fraud. *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 415 (1996). Plaintiff's allegations must be sufficiently detailed to meet the heightened Rule 9(b) pleading standard for fraud.

Plaintiff sufficiently pled misrepresentations by defendants through false representations and nondisclosure of the cost of registering with the website. She alleges that registration appeared to be free based on multiple statements on the website, and the fact that she would be charged was never disclosed to her. BidRack knew that its claim of free registration was untrue because it was the one charging customers, like plaintiff, for registering. Plaintiff further alleges that defendants created their marketing scheme of respectable news stories and endorsements in order to induce her and others to register so that BidRack could charge a fee to their credit cards. Her reliance on free registration was justifiable, especially in light of the fraudulent news stories and endorsements lending BidRack credibility. Finally, plaintiff alleges that she was damaged by incurring an unauthorized credit card charge of $99, of which she has yet to receive a refund (First Amd. Compl. ¶¶ 77–88).

Assuming these allegations to be true for purposes of the instant motion to dismiss, plaintiff has pled sufficient facts to state a plausible claim against defendants for fraud in the inducement. BidRack's motion to dismiss that claim is **DENIED**.

6

**D. Fifth Claim: Conspiracy to Commit Fraud in the Inducement**.

Plaintiff further alleges that defendants BidRack and John Doe "acted in concert as business partners and through a common enterprise to drive sales of online auction products, and cram consumers' credit and debit card statements with unauthorized charges through fraudulent and deceptive marketing," thus engaging in a conspiracy to commit fraudulent inducement (*id.* at ¶ 96). Fraud in the inducement, as discussed above, has been pled with the required specificity. The existence of a civil conspiracy to commit the alleged fraud has not. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990–92 (9th Cir. 2006).

Plaintiff alleges that John Doe is an "online advertising network that directly participates in the acts and practices alleged" (First Amd. Compl. ¶ 3). Plaintiff describes the supposed relationship between defendants BidRack and John Doe that gives rise to this claim for relief (*id.* at ¶ 98):

> Defendants formed contracts with each other, created deceptive marketing, advertisements, websites, and other solicitation materials to drive consumers to online auction transaction pages with knowledge that the marketing contained therein was false and misleading, and with the intent that the marketing taken as a whole would be relied on by consumers. Defendants, working together, and working with non-defendant affiliate marketers and publishers, formed a mutually beneficial network of deceptive and misleading marketing designed to induce customers to submit a credit or bank card number for the purchase of an online auction 'membership.'

The elements of a civil conspiracy are "the formation and operation of the conspiracy" and resulting damages. *See Doctors' Co. v. Super. Ct.*, 49 Cal. 3d 39, 44 (1989). The pleading fails to sufficiently allege the existence of an agreement between defendants. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Plaintiff does not provide any time-frame for when defendants allegedly entered into contracts with each other, nor does she provide the subject matter or number of contracts between them. She alleges that defendants worked together with each other and with "non-defendant affiliate marketers and publishers," but she does not state which acts were done by defendants versus those done by non-defendants. Her allegations do not serve to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly-Magee*, 236 F.3d at 1018.

Moreover, plaintiff fails to provide a basis for her belief that BidRack acted in concert with a John Doe rather than on its own in designing the advertising at issue. She merely asserts "[a]ny single Defendant, acting alone, would be unable to accomplish the level of deception and misrepresentations accomplished by Defendants acting together" (First Amd. Compl. ¶ 99). Plaintiff, however, provides no facts in support of her statement. This is not enough.

Due to the above deficiencies, BidRack's motion to dismiss plaintiff's claim for conspiracy to commit fraud in the inducement is **GRANTED**.

### E. Sixth and Seventh Claims: Breach of Contract or Restitution/Unjust Enrichment.

Plaintiff alleges the existence of a contract that was breached, or in the alternative, that she is entitled to restitution due to unjust enrichment. The elements for a breach of contract claim are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Plaintiff contends that she accepted an offer from BidRack to register with its website for free. She supposedly accepted the offer by entering her personal and billing information to be charged for future bids. "By cramming additional charges onto the debit and credit cards of Plaintiff and members of the Class, Defendant BidRack breached the contract to register an account for free," resulting in $99 in unauthorized charges to plaintiff (First Amd. Compl. ¶¶ 103–05). Taking these allegations as true for purposes of this motion, plaintiff has pled sufficient facts to state a claim for breach of contract.

Plaintiff's claim for unjust enrichment, asserted in the alternative to her breach-of-contract claim, alleges that plaintiff has conferred a monetary benefit on defendants as "a result of the substantial and unauthorized charges Defendant BidRack placed on [her] credit and debit card bills." According to plaintiff, BidRack should not be allowed to retain this monetary benefit because it was "unjustly received as a result of . . . unlawful actions (*id.* at ¶¶ 110, 112).

In California, unjust enrichment is "not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. It is synonymous with restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004). Thus, a claim for unjust

8

enrichment/restitution is properly pled as a claim for a contract implied-in-law. It "does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). California does, however, recognize an exception to the rule that unjust enrichment exists only when an enforceable contract does not: "Restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *McBride*, 123 Cal. App. 4th at 388.

Since "[a] party may state as many separate claims or defenses as it has, regardless of consistency," plaintiff may properly assert claims based on both the existence and the absence of a binding agreement between the parties. FRCP 8(d)(3). As discussed above, plaintiff has properly alleged a claim for fraud in the procuring of the alleged contract with BidRack. As such, plaintiff has sufficiently stated a claim for unjust enrichment in the alternative to her breach-of-contract claim. BidRack's motion to dismiss the claims for breach-of-contract and restitution/unjust enrichment is **DENIED**.

### F. Voluntary Payment.

BidRack also contends that all of plaintiff's claims are barred by the voluntary payment doctrine. Not so. The voluntary payment doctrine bars the recovery of money that was voluntarily paid with full knowledge of the facts. *See Am. Oil Serv. v. Hope Oil Co.*, 194 Cal. App. 2d 581, 586 (1961).

BidRack argues that plaintiff had full knowledge of the facts once she saw her credit card statement, and that her payment to her credit card company was voluntary and should bar any recovery under the voluntary payment doctrine. Bidrack cites only non-binding decisions wherein the plaintiffs disputed charges after making multiple payments over the course of a long period of time. *See, e.g.*, *Spivey v. Adaptive Mktg., LLC*, 622 F.3d 816, 823 (7th Cir. 2010). The facts relevant to this motion to dismiss are easily distinguished.

Plaintiff disputed the charge on her credit card "immediately after noticing that her account had been charged." She requested a refund from BidRack, putting defendant on notice of her claim, unlike in the decisions defendant cites where payments were made for years without

1  dispute. It is unclear from the complaint whether or not plaintiff paid her credit card bill, but
2  even if she did, payment to her credit card company so that she could stay in good standing with
3  creditors while pursuing this action would not bar her claim (First Amd. Compl. ¶ 35–36). This
4  order declines to find that plaintiff's claims are barred by voluntary payment.

    **3.     CLASS ALLEGATIONS**.

6  BidRack next contends that plaintiff's class allegations should be dismissed under
7  Rule 12(b)(6) for a lack of commonality under FRCP 23(a)(2), a lack of predominance under
8  FRCP 23(b)(3), and a lack of ascertainability. Plaintiff replies that a ruling on this issue should
9  follow at least some discovery. This order agrees. BidRack's arguments regarding the class
10 allegations are more appropriate at the class certification stage rather than on a motion to dismiss.

11 The law in this circuit regarding the dismissal of class allegations is settled. The
12 defendants in *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969), argued in a
13 motion to dismiss that the plaintiffs inadequately pleaded a basis for a class action under
14 FRCP 23(a)(1). The court of appeals found the class allegations to be "wholly insufficient" but
15 nonetheless declared, "*compliance with Rule 23 is not to be tested by a motion to dismiss for*
16 *failure to state a claim.*" *Ibid.* (emphasis added).

17 Defendant relies on non-binding district court decisions and decisions that are not on point
18 to argue that dismissal is proper at the pleadings stage before discovery has commenced.
19 *See, e.g.*, *Kahm v. Cal. City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) (affirming dismissal of class
20 allegations on motion brought under Rule 23 not Rule 12). The binding authority quoted above,
21 however, makes clear that a decision on this motion would be premature.

22 Accordingly, BidRack's motion to dismiss the class allegations is **DENIED**. The motion is
23 denied without prejudice to defendant's ability to challenge the class allegations in opposition to
24 plaintiff's motion for class certification.

**CONCLUSION**

26 For the foregoing reasons, BidRack's motion is **GRANTED IN PART AND DENIED IN PART**.
27 Plaintiff's claim for conspiracy to commit fraudulent inducement is hereby **DISMISSED**. As to all
28

other claims and the class allegations, the motion is **DENIED**. The hearing set for September 29, 2011, is **VACATED**.

As to any claims dismissed above, plaintiff may seek leave to amend the complaint and will have fourteen calendar days from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. In addition, counsel for plaintiff is urged to promptly identify and to serve John Doe.

**IT IS SO ORDERED.**

Dated: September 26, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE