IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA PARINO, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BIDRACK, INC., a Delaware corporation, and JOHN DOE DEFENDANT,<br><br>    Defendants.<br>                                        / | No. C 11-03149 WHA<br><br>**ORDER DENYING MOTION BY DEFENSE COUNSEL FOR LEAVE TO WITHDRAW** |

## INTRODUCTION

In this purported class action, defense counsel move for leave to withdraw as counsel of record. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

This purported class action was commenced in June 2011. Counsel for defendant Bidrack, Inc. filed a motion to dismiss two months later (Dkt. No. 23). The motion was largely unsuccessful (Dkt. No. 40). Two weeks after the order on the motion to dismiss was issued, defense counsel filed the instant motion for leave to withdraw as counsel of record (Dkt. No. 45).

Counsel state that "[f]ollowing the Court's decision on BidRack's motion to dismiss, BidRack has directed Lathrop & Gage and its attorneys to withdraw their appearance on behalf of BidRack because BidRack is no longer in a position to fund its defense in this litigation." Counsel further state that "Bidrack has been advised of the possible consequences of counsel's

withdrawal, and BidRack has confirmed that it knowingly and freely consents to this withdrawal." Additionally, defense counsel have "spoken to opposing counsel, who indicated that they will take no position with respect to this motion" (Br. 3).

**ANALYSIS**

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). Defendant Bidrack is a corporation. Accordingly, it may not litigate this action without counsel. There is no indication that substitute counsel have been sought or found. Accordingly, Bidrack's current counsel of record may not withdraw.

Counsel argue that "withdrawal under these circumstances is authorized and supported by Rule 3-700(C)(5) of the California Rules of Professional Conduct, Local Rule 11-5 and California case law" (Br. 3). None of those authorities requires granting the motion.

Rule 3-700(C)(5) allows for *permissive* (not mandatory) withdrawal where "[t]he client knowingly and freely assents to termination of the employment." Here, BidRack's assent to withdrawal of its counsel does not solve the problem that BidRack may not represent itself.

Civil Local Rule 11-5 has two parts. The first part simply provides that counsel "may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The provision of adequate notice, however, does not compel an order granting leave to withdraw. The second part of Rule 11-5 provides that withdrawal "may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or *pro se*." As stated, no other counsel has made an appearance, and BidRack may not proceed *pro se*.

As to California case law, counsel cite to only one decision. It is not binding, and in any event it was not cited properly, so the Court was unable to locate or consider it.

1    In sum, counsel have not cited any authority that would require their withdrawal from this
2  case. Because substitute counsel have not appeared and BidRack may not proceed *pro se*,
3  defense counsel will not be permitted to withdraw at this time.

## CONCLUSION

For the foregoing reasons, the motion by defense counsel for leave to withdraw as counsel fo record is **DENIED**. Counsel are reminded of their continuing professional obligations as attorneys of record, regardless of whether their client is no longer able to fund its defense.

**IT IS SO ORDERED.**

Dated: October 20, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3