IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERNA PARINO, on behalf of herself and
all others similarly situated,

    Plaintiff,

  v.

BIDRACK, INC., a Delaware corporation,
and JOHN DOE,

    Defendants.

No. C 11-03149 WHA

**ORDER GRANTING
MOTION FOR LEAVE TO
WITHDRAW AS COUNSEL**

    In this purported class action, defense counsel moves for the second time for leave to withdraw as counsel of record. For the following reasons, the motion is **GRANTED.**

    This purported class action was commenced in June 2011. Defendant BidRack, Inc., owns and operates www.bidrack.com, an online "penny auction" site where bidders purchase and place bids in hopes of winning auctions for valuable items at discounted prices. On May 20, 2011, plaintiff Verna Parino was directed to the BidRack website after clicking on a paid advertisement. Despite her belief that registration with the website was free, plaintiff was charged $99 for a "bid pack" after entering her billing information.

    The complaint alleged the following claims for relief: (1) violation of California Business and Professions Code Section 17500, *et seq*.; (2) violation of California Civil Code Section 1750, *et seq*.; (3) violation of California Unfair Competition Law (4) fraud in the

inducement; (5) conspiracy to commit fraud in the inducement; (6) breach of contract; and (7) restitution/unjust enrichment.

Counsel for defendant Bidrack filed a motion to dismiss two months after the complaint was filed (Dkt. No. 23). The motion was largely unsuccessful — only the conspiracy claim was dismissed (Dkt. No. 40). Two weeks after the order on the motion to dismiss was issued, defense counsel filed his first motion for leave to withdraw as counsel of record, stating that "[f]ollowing the Court's decision on BidRack's motion to dismiss, BidRack has directed Lathrop & Gage and its attorneys to withdraw their appearance on behalf of BidRack because BidRack is no longer in a position to fund its defense in this litigation" (Dkt. No. 45). On October 20, that motion was denied on the ground that BidRack is a corporation and may not litigate this action without counsel, and that there was no indication that substitute counsel had been sought or found.

In August 2011, BidRack tendered a Rule 68 offer of judgment to plaintiff's counsel. Though BidRack's offer of judgment was never filed with the Court, plaintiff's motion to quash was granted because offers to compromise may not be made before appointment of class or interim counsel (Dkt. No. 50). Even now, ten months after the complaint was filed, BidRack has not yet filed its answer. In March 2011, plaintiff moved for entry of default against BidRack, stating that it had "failed to answer the complaint [and] refused to otherwise engage in litigation of this action . . . ." Default was accordingly entered against BidRack (Dkt. Nos. 55–56).

On March 20, 2012, counsel for BidRack filed the instant motion again seeking leave to withdraw from representation. In support of its motion, counsel states:

> The prior BidRack contacts for this matter, Vipesh Agarwal and Dan Sullivan, have become non-responsive to Lathrop & Gage; accordingly, Lathrop & Gage knows of no individual willing to speak or act on behalf of BidRack in this lawsuit . . . [E]ven if the Court had not entered default, jurisdiction is based solely upon diversity of citizenship under the [CAFA], and plaintiff failed to timely move for class certification. Thus, no basis for jurisdiction exists because the individual plaintiff, Verna Parino, (who appears to have a claim of $99), cannot satisfy the CAFA prerequisites.

(Dkt. No. 58 at 1).

2

Rule 3–700(C)(5) allows for permissive (not mandatory) withdrawal where "[t]he client knowingly and freely assents to termination of the employment." Civil Local Rule 11-5 provides in relevant part:

> Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case.
>
> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes (or on the Clerk, if the Court so directs), unless and until the client appears by other counsel or *pro se*. When this condition is imposed, counsel must notify the party of this condition.

CIV. L. R. 11-5.

At the hearing on April 26, 2012, counsel provided good cause in support of its motion to withdraw from representation in this action. *First*, defendant was put on notice and consented to counsel's withdrawal. *Second*, counsel advised the Court that the sole remaining member of BidRack, who resides in India, has been non-responsive since at least October 2011. *Third*, counsel for plaintiff restated its non-opposition to the instant motion. *Finally*, though BidRack is a corporation and thus unable to proceed *pro se*, this action is on its dying breath. The deadline for class certification has long passed, and default has been entered by the clerk against BidRack for failure to answer the complaint. It is highly unlikely that any further representation will be required. Nevertheless, it would be unfair to continue to require appearances by BidRack's counsel, whose client has absented itself. Accordingly, the motion for leave to withdraw as counsel is **GRANTED.** Plaintiff may, however, continue to serve papers on counsel for defendant BidRack for forwarding purposes until this action is formally closed.

**IT IS SO ORDERED.**

Dated: April 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3