IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERNA PARINO,

    Plaintiff,

  v.

BIDRACK, INC., a Delaware corporation,

    Defendant.

No. C 11-03149 WHA

**ORDER GRANTING DEFAULT JUDGMENT**

### INTRODUCTION

In this purported class action, plaintiff moves for default judgment against defendant. For the reasons stated below, plaintiff's motion for default judgment is **GRANTED**.

### STATEMENT

This action was commenced in June 2011. Defendant BidRack, Inc., a Delaware corporation, owns and operates www.bidrack.com, an online "penny auction" site where bidders purchase and place bids in hopes of winning auctions for valuable items at discounted prices. In May 2011, plaintiff Verna Parino was directed to the BidRack website after clicking on a paid advertisement and tricked into paying $99. The complaint alleges, among other things, unfair competition (Compl. ¶¶ 6, 34, 65).

This action is on its dying breath. The deadline for class certification passed without any activity. Following this court's denial of its motion to dismiss, defendant failed to defend this action, did not answer plaintiff's complaint, and had a default entered against it by the clerk of

this Court. Defendant's counsel was allowed to withdraw from representation after defendant stopped communications. Defendant is a corporation and thus unable to proceed pro se.

Months after default was entered, plaintiff had not yet filed a motion for default judgment. As a result, on June 5, 2012, this Court issued an order to show cause why plaintiff's claims should not be dismissed for failure to prosecute. Plaintiff's counsel was directed to show good cause for not filing a motion for default judgment at the final pretrial conference scheduled for June 11, 2012 at 2:00 p.m., or suffer possible dismissal of its case.

On June 5, 2012, plaintiff's counsel filed a motion for default judgment in the amount of $99, plaintiff's alleged individual damages in this action. The motion gives no explanation for plaintiff's delay in moving for default judgment. After receiving plaintiff counsel's motion for default judgment, this Court rescheduled the hearing on the order to show cause to July 12, 2012. Defendant has failed to oppose or otherwise file any response to the plaintiff's motion for default judgment in accordance with the briefing schedule set by this Court's local rules.

**ANALYSIS**

**1.    FAILURE TO PROSECUTE.**

Rule 41(b) requires that federal actions be prosecuted with reasonable diligence. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The court must weigh several factors before imposing the extreme sanction of involuntary dismissal. The court must consider: (1) the public's interest in the expeditious disposition of cases; (2) the court's docket concerns; (3) the rebuttable presumption of prejudice to the defendant; (4) the judicial policy favoring disposition of cases on the merits; and (5) the availability of a less drastic sanction. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

In its motion for default judgment, plaintiff has failed to explain the delay in moving for default judgment. Although the Court does have an interest in discouraging such conduct, the strong sanction of involuntary dismissal is too harsh considering the factors in this particular case. Rather, this order will resolve this case by granting default judgment.

2

## 2. DEFAULT JUDGMENT.

Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment against a defendant that has failed to otherwise plead or defend against the action. Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible." In the Ninth Circuit, a district court must consider the following factors when deciding whether or not to use its discretion in granting a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–1472 (9th Cir. 1986) (citation omitted). Here, these factors favor entry of default judgment against defendant.

With respect to determining liability and entry of default judgment, the general rule is that well-pleaded allegations in the complaint regarding liability are deemed true (except for the amount of damages). *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Consequently, this order finds that the *Eitel* factors two, three, and five weigh in favor of the entry of default judgment against defendant BidRack. This Court has already acknowledged the merits of plaintiff's substantive claims and the sufficiency of her complaint by denying defendant's motions to dismiss all but one of her claims (Dkt. No. 40, pp. 10–11). Taking the facts alleged in plaintiff's complaint as true, and in consideration of the denial of defendant's motion to dismiss, this Court can appropriately find that the merits of plaintiff's claim and the sufficiency of her pleadings support the entry of default judgment. In addition, there is no dispute concerning the material facts of the case. Defendant has failed to defend this action or answer the substantive allegations of the complaint. Thus, taking those allegations as true, they support plaintiff's request for relief here.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. *First*, plaintiff would be prejudiced if default judgment was not granted (Dkt. No. 69). Defendant has already engaged in a variety of delaying tactics. Given that defendant has failed

3

to defend this action and its counsel has now been permitted to withdraw, it is unlikely that plaintiff will recover relief through the continued litigation of this matter or any other means. *Second*, the sum of money at stake in this action is not substantial. Plaintiff seeks $99, which pales in comparison to the amount mentioned in *Eitel*. *Third*, there is nothing excusable in regards to defendant's actions. Defendant has not and cannot show that its default was the result of excusable neglect. Defendant chose not to defend this action further. *Fourth*, although federal policy favors decisions on the merits, the circumstances surrounding this case indicate that default judgment under FRCP 55(b) is proper.

## CONCLUSION

For all of the above-stated reasons, plaintiff's motion for default judgment is **GRANTED**. Defendant is ordered to pay $99 in damages.

**IT IS SO ORDERED.**

Dated: July 12, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE